UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DASHA M. MARUSH,<br><br>              Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration, [1]<br><br>              Defendant. | CASE NO. 12-cv-05389 RBL<br><br>REPORT AND RECOMMENDATION ON STIPULATED MOTION FOR REMAND |

This matter has been referred to Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261 (1976). This matter is before the Court on defendant's stipulated motion to remand the matter to the administration for further consideration. (ECF No. 21.)

---

[1] Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant in this suit.

REPORT AND RECOMMENDATION ON
STIPULATED MOTION FOR REMAND - 1

After reviewing defendant's stipulated motion and the relevant record, the undersigned recommends that the Court grant defendant's motion, and reverse and remand this matter to the Commissioner for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

On remand, based on the parties' stipulation, this Court recommends that this case be assigned to a different Administrative Law Judge ("ALJ"). The ALJ should offer plaintiff an opportunity for a new hearing; re-assess whether or not plaintiff has any severe mental impairment; and evaluate plaintiff's mental impairments according to the special technique described at 20 C.F.R. §§ 404.1520a and 416.920a. The ALJ also should re-evaluate the examining and non-examining opinions of record and explain the reasons for the weight accorded to each opinion with specific references to medical evidence. The ALJ also should re-assess plaintiff's credibility and residual functional capacity on the updated record, citing specific evidence in support of the assessed limitations and findings. If warranted, the ALJ also should obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on the occupational base, ensuring that such evidence is consistent with the Dictionary of Occupational Titles (Social Security Ruling 00-4p). Finally, if plaintiff is found to have a substance use impairment and is found disabled, the ALJ should conduct the further proceedings required to determine ifdrug addiction or alcoholism is a contributing factor material to the determination of disability (20 C.F.R. §§ 404.1535, 416.935).

Plaintiff is entitled to reasonable attorney's fees and costs pursuant to 28 U.S.C. § 2412, following proper request to this Court.

1 | This Court further recommends that the ALJ take any other actions necessary to develop
2 | the record. In addition, plaintiff should be allowed to submit additional evidence and arguments
3 | to the ALJ on remand.
4 | Given the facts and the parties' stipulation, the Court recommends that the District Judge
5 | immediately approve this Report and Recommendation and order the case be **REVERSED** and
6 | **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).
7 | Dated this 28th day of February, 2013.

J. Richard Creatura
United States Magistrate Judge